FERGUS WALKER, Plaintiff

v.

THE TUG DIANE, her engines, tackle and appurtenances, in rem;
THE BARGE DAUPHINE, her tackle and appurtenances, in rem;
OCEAN SERVICE CORPORATION, a corporation, in personam;
PORT SAN JUAN TOWING CO., a corporation, in personam;
CARIBBEAN SEA–ROAD SERVICE, INC., in personam; and
INDIAN TOWING COMPANY, INC., in personam, Defendants

Civil No. 424-1971

District Court of the Virgin Islands

Div. of St. Croix

December 4, 1972

GAMAL & ROSSKOPF, Christiansted, St. Croix, V.I., *for plaintiff*

NICHOLS & SILVERLIGHT, Christiansted, St. Croix, V.I.,
JIMENEZ & FUSTE, San Juan, Puerto Rico, and BAILEY,

WOOD & ROSENBERG, Charlotte Amalie, St. Thomas, V.I., *for defendants*

YOUNG, *Judge*

## MEMORANDUM OPINION

This case in admiralty was docketed October 19, 1971. The tug "Diane" was arrested, but was released on October 31, 1971, pursuant to a stipulation and order conditioned upon the tug's owner, Ocean Service Corporation (hereinafter known as "Ocean Services"), posting with the Clerk of Court a good financial guarantee bond in the amount of $15,000 to answer to any judgment that might be entered by the Court.

Ocean Services presented what was purported to be a good financial bond but the bond was rejected by plaintiff on ground that it did not comply with the terms of the stipulation. Further, it was not written by a bonding company authorized to do business in the Virgin Islands. After numerous and repeated requests for the substitution of an acceptable bond, plaintiff petitioned this Court for a rule upon Ocean Services to show cause why it should not be punished for violating the Order of Court.

The rule to show cause was duly served, but defendant Ocean Services failed to appear. Therefore, this Court entered an Order dated September 19, 1972, vacating the Release Order of October 30, 1971, and reinstating the monition and attachment against the tug. The order also struck the answer and cross-complaint of Ocean Services and declared Ocean Service Corporation to be in default for failure to post a good financial guarantee bond pursuant to its own stipulation and Order of the Court.

Plaintiff, on September 18, 1972, noticed Ocean Services and all other defendants that it would appear before the Court on November 6 to present evidence as to the damages involved in the collision of plaintiff's vessel "Posei-

don" with the tug "Diane" and her tow, the barge "Dauphine". After a short postponement this hearing was held on November 16, 1972.

Prior to the November 16th evidentiary hearing, defendants Port San Juan Towing Company, Caribbean Sea-Road Services, Inc., and Indian Towing Company, served notice on all parties that it would argue their Motion for Summary Judgment at the same time and place scheduled for the evidentiary hearing.

On November 16, 1972, counsel for all parties were present including counsel for Ocean Services and the tug "Diane". The Court first heard the motion and argument for summary judgment presented by José Antonio Fusté, attorney for Indian Towing Company, barge "Dauphine", Port San Juan Towing Company and Caribbean Sea-Road Services, Inc. Plaintiff presented no counter argument and did not oppose the motion. Defendant Ocean Services and the tug "Diane" by their attorney offered no counter argument and did not oppose the motion. The Court then granted the Order for Summary Judgment and proceeded then to hear evidence as to damages pursuant to the notice for the evidentiary hearing.

At this point Mr. William Bailey, as attorney for Ocean Services and the tug "Diane", advised the Court that he had not been fully advised of the Court's Order of October 30, 1971, whereby Ocean Services and the tug "Diane" were declared to be in default for their failure to obey the Release Order. Although the proceeding was noticed for an evidentiary hearing only, the Court, at the request of counsel for Ocean Services, and over the objection by plaintiff's counsel, ordered testimony to be adduced pertaining to the question of liability and fault. There then followed a full hearing on the merits, i.e., on the question of liability and on the issues of damages. The facts of this case are as follows:

Plaintiff's vessel "Poseidon" is a steel hull cutter of Canadian registry, with a length overall of 55 feet and gross tonnage of 44 tons. She was employed by plaintiff for many years in the Virgin Islands in the yacht charter business. At the time of the collision, she was at anchor in Christiansted Harbor in a designated anchorage area. At about 0800, July 25, 1971, the tug "Diane" entered Christiansted Harbor with the barge "Dauphine" in tow. The tow had not as yet been made up when tug and tow traversed close by the yacht anchorage area. There was no sea running, the water was calm and the wind was gentle to light (no more than 12 knots). For some unaccountable reason, the barge was towed into the bow of the "Poseidon" and fouled her anchor line. It crashed against the topside of the "Poseidon" near the chainplates. The superstructure of the tug also collided with the "Poseidon" starboard side and damaged the spars aloft. At that time, plaintiff was ashore at the Outrigger's yard. Another charter boat skipper who saw the collision hopped into his small motor launch, went to the Outrigger and advised plaintiff of the collision. Plaintiff immediately motored back to his cutter, went on board and cut loose the anchor line in order to extricate the cutter and avoid further damage. He backed away from the barge and tug and in so doing fouled his propeller with a piece of the tow line.

From the facts as related to the Court by plaintiff, uncontroverted by any other testimony and in no way shaken under cross-examination, I find the tug "Diane" to be solely responsible for the damage to the "Poseidon". It is manifest that the collision was caused by the negligent navigation and towing operation under the sole control and management of the captain and crew of the tug "Diane".

The Court then went into the evidentiary hearing on damages which was presented by the testimony of plaintiff and various documents entered as Exhibits on behalf

of plaintiff. From the testimony and supporting documents, I am satisfied that the plaintiff incurred the following out-of-pocket expenses in connection with the repair of the "Poseidon" and the loss of the two charter parties which the "Poseidon" was unable to accommodate by reason of the damage.

| | |
|---|---:|
| Survey by David W. Dana, Marine Surveyor | $ 120.00 |
| Anchor gear lost & never recovered | 441.00 |
| Airfare to Fajardo to inquire re repairs | 24.00 |
| Loss of a 5 day charter of "Poseidon" (net profit) | 1200.00 |
| Loss of a 7 day charter of "Poseidon" (net profit) | 1600.00 |
| Replace mast | 1200.00 |
| Seward Boat Works (Tarpon Springs, Florida) Statement for necessary repairs to "Poseidon" | 4284.00 |
| Reasonable value of Plaintiff Walker's labor in making emergency repairs following collision, time spent in making & filing collision report & time spent attempting to recover anchor & gear | 150.00 |
| Reasonable value of Plaintiff Walker's own labor in performing certain repairs while the "Poseidon" was hauled | 1200.00 |
| | $10,219.00 |

In concluding the evidentiary hearing, plaintiff asked for reimbursement of Court costs in the amount of $20.94, together with "reasonable attorney's fees". Since there has been no provision and authority in the past for the awarding of attorney's fees in causes of maritime and admiralty jurisdiction, I indicated in the dictation of my Opinion to the record that there would be no attorney's fees. However, I stated now that admiralty actions have been assimilated into civil actions to a large part, there may be good reason and authority for allowing attorney's fees in admiralty actions. Opportunity was given to plaintiff's counsel to submit a brief of authorities on the subject. Plaintiff's counsel has advised the Court that he was un-

able to cite authority for attorney's fees in admiralty jurisdiction. Therefore, no attorney's fees will be awarded.

Let Judgment be entered for plaintiff in the amount of $10,219.00, plus costs of $20.94, for a total of $10,239.94.

### JUDGMENT

For the Findings of Fact, Conclusions of Law and reasons more fully stated in the Memorandum Opinion of even date herewith, judgment is hereby awarded to plaintiff Fergus Walker against the defendants The Tug "Diane", Her Engines, etc., and Ocean Service Corporation, in the sum of $10,239.94.