**Laverne CARTER et al., Plaintiffs,**
**v.**
**Wayne STANTON et al., Defendants.**
**No. IP 70-C-124.**

United States District Court,
S. D. Indiana,
Indianapolis Division.

Dec. 4, 1972.

---

Legal Services Organization, by David F. Shadel and John T. Manning, Indianapolis, Ind., for plaintiffs.

Theodore L. Sendak, Atty. Gen., Indianapolis, Ind., and Robert W. Geddes, of Smith & Jones, Indianapolis, Ind., for defendants.

Before STEVENS, Circuit Judge and STECKLER and NOLAND, District Judges.

## ORDER AND JUDGMENT

The Supreme Court of the United States having vacated the order entered by this Court on November 24, 1970, dismissing this action for failure to exhaust administrative remedies and alternatively on the grounds of lack of jurisdiction and failure of the pleadings to present a substantial federal question, and having remanded the case to this Court for proceedings consistent with its opinion, 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972); and plaintiffs having filed their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and defendants having filed their memorandum in response thereto, and the Court having fully considered the opinion of the Supreme Court, and being fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That Burns Ind.Admin. Rules & Regs. (52–1001)–2 (1967) and the Indiana Public Assistance Manual, Chapter III, § C–III B2, contravene the Social Security Act, 49 Stat. 627, as amended, 42 U.S.C. § 602(a)(10), and are invalid (a) to the extent that they require "exceptional circumstances of need" as a condition of receiving assistance to dependent children, (b) to the extent they require either "exceptional circumstances of need" or an "actual and bona fide" absence of a parent as a condition of a person's filing an application for assistance to dependent children, and (c) to the extent that, as a condition of receiving, or applying for, assistance to dependent children, they

require, as proof of a continued absence, an absence of the parent or spouse for a period of at least six (6) months prior to the date of applying for assistance to dependent children. To this extent the regulation is invalid and may no longer be enforced. See, Townsend v. Swank, 404 U.S. 282, 286, 92 S.Ct. 502, 30 L. Ed.2d 448 (1971); King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968).

2. That the issue of retroactive payment of assistance to dependent children has been taken under advisement. Whether the Eleventh Amendment operates to bar retroactive payment of state welfare funds withheld in violation of the Social Security Act is an issue presently pending on appeal before the Court of Appeals of this Circuit. An order on this question will be entered in due course.

3. That this action is a proper class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

4. That defendant William Sterrett is to provide copies of this Order and Judgment to each County Department of Public Welfare in Indiana within thirty (30) days after its issuance.

5. That defendant Wayne Stanton is to provide copies of this Order and Judgment, within thirty (30) days of its issuance, to the supervisor and all members of the Intake Unit of the Marion County Department of Public Welfare and to post a copy in such a location in the Intake Office of the Welfare Department so as to be conspicuous to the general public and prospective applicants.

6. That defendant William Sterrett as Administrator of the State of Indiana Department of Public Welfare, and defendants Robert M. Curless, Marion M. Hilger, James W. Burnett, Jr., Arvella M. Stanton, and Robert G. Watson, Jr., as members of the Board of the Indiana State Department of Public Welfare are to cause, within thirty (30) days from the date of issuance of this Order and Judgment, all ninety-two (92) Indiana County Departments of Public Welfare to not reject or deny an application for

aid or assistance to dependent children on the ground that either (i) the applicant and spouse or the children's parents, as of the date of application, have not yet been separated for six (6) months or longer, or (ii) exceptional circumstances of need do not exist.

7. That plaintiffs are granted a declaratory judgment that the policy of the Marion County Department of Public Welfare in requiring a divorce or legal separation as a condition of receiving or applying for aid to dependent children is inconsistent with the Federal Social Security Act § 402(a), and 42 U. S.C. § 602(a), and may no longer be practiced.

8. That plaintiffs are awarded costs of this action.

9. There being no constitutional issues remaining, all further proceedings in this case shall, as authorized by 28 U.S.C. § 2284(5), be conducted by the Honorable William E. Steckler, Judge, United States District Court for the Southern District of Indiana, the judge to whose docket this case was originally assigned.