**Dezzie Estelle Hinton COTTEN, Plaintiff,**

v.

**TWO "R" DRILLING COMPANY, INC., et al., Defendants-Appellants,**

v.

**JAMES CASING CREWS, INC., Defendant-Appellee.**

No. 73–3761.

United States Court of Appeals, Fifth Circuit.

Feb. 21, 1975.

Frank M. Brame, Lake Charles, La., for defendants-appellants.

Donald V. Organ, New Orleans, La., for defendant-appellee.

Before TUTTLE, RONEY and GEE, Circuit Judges.

GEE, Circuit Judge:

Three and a half years ago Lonnie Birl Cotten was killed by a falling joint of pipe while working as a member of a crew setting casing in an oil well. He was then an employee of Appellee James Casing Crews, Inc. (James). His death occurred on a submersible drilling barge owned and manned, except for James' casing crew, by Appellant Two "R" Drilling Company, Inc. (Two "R"). The barge was then located on navigable waters in Lafourche Parish, Louisiana. James and Two "R" were each working at the time under separate contracts with Texaco Oil Company; there was no express contractual relationship between them.

Cotten's beneficiaries under the Jones Act and general maritime law sued James and Two "R," asserting that each was negligent and the barge unseaworthy. James crossclaimed, seeking full indemnity for any damages which might be visited upon it and its costs and attorney's fees as well. Special findings by the jury exonerated James but impaled Two "R" on both heads. James had judgment against Two "R" for its costs, expenses and the increment of attorney's fees incurred by it in successfully resisting the claims of Cotten's beneficiaries, but not those for pressing its cross-claim. Two "R" appeals from the award of attorney's fees, asserting the general American rule that attorney's fees are not recoverable by prevailing parties in the absence of statute or contract so providing and arguing that the *Ryan*[1] triangle exception to the general rule does not cover this case. Though both principles advanced by Two "R" were true, these arguments come too late in the day and other, more precisely applicable, principles would require us, as we do, to affirm.

We have no quarrel with the general rule against recovery of attorney's fees, *as such,* by a party which

---

1. Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956).

incurs them in enforcing a claim against another. It is equally well settled however, indeed it is hornbook law, that the reasonable expenses incurred by an indemnitee in defending a claim against him may be recovered of his indemnitor—and that these expenses include attorney's fees.[2] We have so held in Kelloch v. S & H Subwater Salvage, Inc., 473 F.2d 767, 771 (5th Cir. 1973), a suit for indemnity of a passive maritime tortfeasor against an active one. It would be strange indeed to hold that one who is guilty of no fault at all has no similar right. Nor are the two general principles in conflict, for in the indemnity situation the fees are recovered as reasonable and necessary expenses of defending, not qua attorney's fees. Appellant would have us hold that, though other proper expenses are recoverable, attorney's fees are not, being somehow stigmatized. We decline to do so.[3]

Nor is whether *Ryan* extends to our fact situation dispositive. As the court below correctly noted:

The Supreme Court held in Kermarec v. Compagnie Generale Transatlantique[4] that a shipowner owes to all who are on board, for purposes not inimical to his legitimate interests, the duty of exercising reasonable care under the circumstances. That duty of due care was extended to the stevedoring company as well, thus under federal maritime law, a shipowner owes a duty of due care to an independent contractor who came aboard to transact business and its breach will give rise to an independent cause of action for damages.

Appellant points to *Ryan's* warranty of workmanlike performance as the basis of that decision. Though that be true, we held in Tri-State Oil Tool Industries, Inc. v. Delta Marine Drilling Co.[5] that no contractual relationship between indemnitor and indemnitee was necessary to recovery in circumstances like these:

It would be wrong to assess damages against a non-negligent or passively negligent shipowner for loss or injury suffered solely as the result of active negligence of another party, regardless of the absence of a contractual relationship between the parties.

This accident occurred in navigable waters; therefore, the federal maritime law is the applicable law. Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 628, 79 S.Ct. 406, 408, 409, 3 L.Ed.2d 550 (1959). As we have already indicated, maritime law provides for tort indemnity where there is no negligence or only passive negligence attributed to the indemnitee.

410 F.2d at 186.

Two "R" breached its shipowner's duty of due care owed James. That breach caused James to incur expenses in defending itself against suit by its employee, Cotten. Among those expenses were reasonable attorney's fees. James may have them of Two "R".

Affirmed.

---

2. Other requisites of such recovery, not in contention here, being satisfied. 42 C.J.S. Indemnity § 24 (1944).

3. Here James was plainly within the "danger zone" of liability. A different case might well be presented had it been joined, say, frivolously, or by mistake in identity. See Strachan Shipping Co. v. Koninklyke Nederlandsche Stoomboot Maalschappy, 324 F.2d 746 (5th Cir. 1963), cert. denied, 376 U.S. 954, 84 S.Ct. 969, 11 L.Ed.2d 972 (1964).

4. 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959).

5. 410 F.2d 178 (5th Cir. 1969).