**Jose Morales SANABRIA,
Plaintiff-Appellee,**

v.

**INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION LOCAL 1575 and Guillermo Ortiz, Defendants-Appellants.**

No. 78–1294.

United States Court of Appeals,
First Circuit.

Argued Feb. 9, 1979.

Decided May 4, 1979.

Nicolas Delgado Figueroa, Santurce, P.R., for defendants-appellants.

Arturo Aponte Pares, Hato Rey, P.R., with whom Sarah Torres Peralta, Hato Rey, P.R., was on brief, for plaintiff-appellee.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, JAMESON, District Judge.*

BOWNES, Circuit Judge.

This is an appeal from a jury verdict awarding plaintiff-appellee $18,000 in damages against defendants-appellants for failing to represent him fairly and adequately in regard to his seniority rights. 29 U.S.C. § 185.[1] Appellants also appeal from the district court's granting of $2,000 in attorney's fees, together with prejudgment interest, from the date of filing of the complaint.

Appellants attack the verdict on three grounds: (1) that the court failed to give adequate instructions under the doctrine of *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); (2) that the damage award is not supported by the evidence; and (3) that the verdict is contrary to the evidence.

■■■■ These assertions merit little attention. In the first place, appellants failed to file any requests for jury instructions and made no objections to those given. They are, therefore, precluded by Fed.R.Civ.P. 51[2] from assigning as error a failure to give a specific instruction. Moreover, the transcript ordered by appellants on appeal and furnished to us does not contain the jury instructions. This is the responsibility of appellants. Fed.R.App.P. 10(b).[3]

■■■ As to the claim that the evidence was not sufficient to sustain the award as to liability and damages, the appeal record does not show that a motion for a directed verdict, a motion for judgment notwithstanding the verdict, or a motion for a new trial was ever made. Fed.R.Civ.P. 50. We have, however, examined the transcript of the trial and find sufficient evidence to sustain the verdict both as to liability and damages.

Appellants did object timely and properly to the court's granting appellee's motion for attorney's fees and prejudgment interest. The motion for attorney's fees was based on P.R. Laws Ann. tit. 32, § 1461(6) and Rule 44.4(d) and (e) of the Puerto Rican Rules of Civil Procedure.[4]

Recognizing that the Puerto Rican statute and Rules of Procedure are part of the substantive law of the Commonwealth, we have allowed attorney's fees thereunder in diversity cases. *Pan American World Airways, Inc. v. Ramos,* 357 F.2d 341, 342 (1st Cir. 1966). The applicability of state statutes awarding attorney's fees and other expenses in diversity cases was established in *Cohen v. Beneficial Finance Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). But we have never extended the allowance

---

* Of the District of Montana, sitting by designation.

1. Appellee also alleged violations of 29 U.S.C. §§ 411 and 412, but this action has been treated by the parties and the court below as brought pursuant to 29 U.S.C. § 185 and we continue to so view it. The amended complaint also alleged a cause of action pursuant to 42 U.S.C. §§ 1983 and 1985. This count was dismissed by the district court and there has been no appeal from the dismissal.

2. "No party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

3. "Within 10 days after filing the notice of appeal the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record."

4. P.R. Laws Ann. tit. 32, § 1461(6):

". . . In case any party has acted with obstinacy, the Court shall impose in its judgments the payment of attorney's fees of the other party, fixing it therein the amount of such fees, with due regard to the degree of guilt in suit and the work necessarily done by the counsel of the other party . . ."

Rule 44.4(d) and (e) of the Puerto Rican Rules of Civil Procedure:

"d) Attorney's fees where a party has been obstinate the Court shall in its judgment impose on such person the payment of a sum for attorney's fees.

e) Legal Interest. In all cases of money collection where the party has been obstinate the court shall impose on such a person the payment of interest according to the law, from the time in which there appeared cause of action and in case of damages, such payment of interest shall be imposed from the time of the filing of the claim . . ."

**314**

of such costs arising under federal law. We noted this in *Betancourt v. J. C. Penney Co., Inc.*, 554 F.2d 1206, 1209 (1st Cir. 1977): "The federal court in a diversity case *although not otherwise*, of course recognizes the Puerto Rican rule allowing attorney's fees to be awarded specially for obstinacy, . . ." (emphasis added). *See also Alicea Rosado v. Garcia Santiago*, 562 F.2d 114, 118 (1st Cir. 1977).

■ In *F. C. Instrument Corp. v. Union de Tronquistas de Puerto Rico*, 558 F.2d 607, 610 n.3 (1st Cir. 1977), we specifically stated, "local rules as to attorney's fees and other damages have no place in a § 303 action [29 U.S.C. § 187]." In proscribing punitive damages in section 303 cases based on peaceful union secondary activities, the Supreme Court said:

> In short, this is an area "of judicial decision within which the policy of the law is so dominated by the sweep of federal statutes that legal relations which they affect must be deemed governed by federal law having its source in those statutes, rather than by local law." *Sola Electric Co. v. Jefferson Electric Co.*, 317 U.S. 173, 176 [63 S.Ct. 172, 174, 87 L.Ed. 165.]

*Local 20, Teamsters, Chauffeurs & Helpers Union v. Morton*, 377 U.S. 252, 261, 84 S.Ct. 1253, 1259, 12 L.Ed.2d 280 (1964). The same reasoning applies to an action such as this one brought pursuant to Chapter 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

The judgment as to liability and general damages is affirmed. The judgment based on attorney's fees and prejudgment interest is vacated.

*So ordered.*