**WESTERN SURETY COMPANY,**
**Plaintiff, Appellee,**

v.

**LUMS OF CRANSTON, INC., et al.,**
**Defendants, Appellees.**

**WESTERN SURETY COMPANY**

v.

**BOYDCO, INC., Defendant, Appellant.**

**No. 79–1409.**

United States Court of Appeals,
First Circuit.

Submitted Jan. 11, 1980.
Decided March 19, 1980.

contractor's bond declared void, a decision we upheld on appeal. *Western Surety Company v. Lums of Cranston, Inc.*, 577 F.2d 721 (1st Cir. 1978) (unpublished decision). Almost a year after our decision, counsel for the defendant class petitioned the district court for attorneys fees.

The district court held a hearing on the petition. Counsel for the class argued that, because Western Surety benefitted from having all possible claims by subcontractors resolved in one forum, Western Surety would be unjustly enriched unless it was ordered to pay attorneys fees. In requesting fees, counsel relied on *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970), and *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973), cases sanctioning fee awards under the "common benefit" rule. The district court refused to award fees on a number of grounds, *e. g.*, the defendant class did not prevail, no common benefit was conferred on the class, Western Surety was an innocent party, and the fee request was belated.

Girard R. Visconti and Abedon & Visconti, Ltd., Providence, R. I., were on brief, for defendant, appellant.

Richard L. Neumeier and Parker, Coulter, Daley & White, Boston, Mass., were on brief for plaintiff, appellee Western Sur. Co.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

This appeal involves an unorthodox attempt by the representative of a losing defendant class to recover attorneys fees from the prevailing plaintiff. Plaintiff Western Surety Company brought a lawsuit in federal district court seeking a declaration that a contractor's bond issued in its name had been forged. Attempting to free itself from claims by all subcontractors, Western Surety had the subcontractors certified as a defendant class. Counsel for the defendant Boydco, Inc. somewhat reluctantly agreed to represent the class. Plaintiff Western Surety succeeded in having the

■ There was no abuse of discretion. Nothing in *Mills* or *Hall* required an award of fees; to the contrary, these cases do not support a fee award to a non-prevailing party. *See Mills, supra*, 396 U.S. at 392, 396–397, 90 S.Ct. at 625, 627–628; *Hall, supra*, 412 U.S. at 5 and n. 7, 93 S.Ct. at 1946 and n. 7. *See also F. D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 129–30, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974). In any event, because jurisdiction in this case rested upon diversity of citizenship, state law would govern an award of attorney's fees. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 259 n. 31, 95 S.Ct. 1612, 1622 n. 31, 44 L.Ed.2d 141 (1975); *see Sanabria v. International Longshoremen's Association Local 1575*, 597 F.2d 312, 313–14 (1st Cir. 1979). Rhode Island law is no more supportive of the request for attorneys fees than the federal law upon which counsel relies. *See, e. g., R. A. Beaufort & Sons, Inc. v. Trivisonno*, 403 A.2d 664, 668 (R.I.1979); *Malinou v. Powers*, 114 R.I. 399, 405–06, 333 A.2d 420, 423–24 (1975).

We need not discuss other grounds for the denial of fees. The order of the district court is *affirmed.*