**OCEAN BARGE TRANSPORT CO., Plaintiff**

**v.**

**HESS OIL VIRGIN ISLANDS CORP., Defendant/
Third-Party Plaintiff**

**v.**

**MINTEC/INTERNATIONAL, a division of Barber-Greene
Company, Third-Party Defendant**

Civil No. 80-18

District Court of the Virgin Islands

Div. of St. Croix

August 8, 1984

ROBERT H. RUSKIN, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

JOHN E. LENAHAN, ESQ. (BRYANT, LENAHAN & ELTMAN), Christiansted, St. Croix, V.I., *for defendant/third-party plaintiff*

JAMES E. HYMES, ESQ., St. Thomas, V.I., *for third-party defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM

The question here presented is whether this Court may make an award of attorney's fees to the prevailing party in this admiralty action pursuant to the provisions of Title 5 V.I.C. § 541(6).

Under the provisions of the section of the Virgin Islands Code referred to above costs which may be allowed in a civil action include attorney's fees. Plaintiff Ocean Barge Transport Co. prevailed against defendant Mintec/International. Also prevailing in the law suit was Hess Oil Virgin Islands Corp. (hereinafter Hess) as Third-Party Plaintiff against Third-Party Defendant Mintec/International (hereinafter Mintec).

Mintec contends that the court lacks authority to award attorney's fees in an admiralty action. The prevailing parties on the other hand, relying on the peculiar status of the District Court of the Virgin Islands, argue that this Court may refer to the laws of the Virgin Islands when defining costs, albeit the action befcre the Court is a purely federal matter. The complicating factor in addressing the instant issue stems from the fact that the District Court of the Virgin Islands is not an Article III District Court of the United States but rather a creation of the Congress of the United States pursuant to its Article IV powers. Carty v. Beech Aircraft Corp., 679 F.2d 1051, 1057 (3d Cir. 1982). And, as ordained by the Congress this Court has not only jurisdiction in admiralty and in all causes arising under the Constitution and laws of the United States, but it is also the court of general original jurisdiction of the Territory of the Virgin Islands. Revised Organic Act, 48 U.S.C. § 1612 (1984 Supp.).

Rule 54(d) of the Federal Rules of Civil Procedure, made applicable to our Court by the Revised Organic Act, 48 U.S.C. § 1615 (1984 Supp.), empowers this Court to award costs to a prevailing party.

However, costs as generally allowed under Rule 54(d) do not include attorney's fees. It would appear therefore, that whether we may rely on 5 V.I.C. § 541 in defining costs must depend on the nature of the case before the Court.

▉▉▉ Under what is commonly referred to as the "American Rule," district courts of the United States, when the basis of their jurisdiction is other than diversity of citizenship, may not normally grant attorney's fees absent a statute or an enforceable contract providing therefor.[1] Alyeska Pipe Line Service Co. v. Wilderness Society, 421 U.S. 240 (1975). When federal courts sit in diversity cases, they should look to the law of the state in which they sit for guidance regarding attorney's fee awards, providing that the state law does not run counter to a federal statute or rule of court. Id. 421 U.S. at 259 n. 31, quoting 6 J. Moore, Federal Practice ¶ 54.77[2], pp. 1712–1713 (2d ed. 1974); see Cohen v. Beneficial Loan Corp., 337 U.S. 541, 555–557 (1949). By the same token,

> a federal territorial court should similarly apply territorial law [in a non-federal case]. However, where the plaintiff has based his action on federal law he may not invoke a state or territorial law to obtain attorney's fees.

Id. at pp. 1713–1714 (1983–84 Supp.). For the foregoing proposition, Moore cites Sanabria v. International Longshoremen's Ass'n Local 1575, 597 F.2d 312 (1st Cir. 1979), in which the Court, in considering the applicability of Puerto Rico's attorney's fees statute to a federal question case, while agreeing that the statute was applicable in a diversity case, went on to say, "[b]ut we have never extended the allowance of such costs arising under federal law." 597 F.2d at 313–314. See also Gradmann & Holler GMBH v. Continental Lines, 679 F.2d 272 (1st Cir. 1982) (local statute on attorney's fees not applicable in admiralty action), and cases cited therein.

▉ While this Court, because it is a court of general original jurisdiction, has no diversity jurisdiction, we believe the principles discussed above apply with equal force here. Henceforth, therefore, we will apply 5 V.I.C. § 541 to cases which arise under the Court's general original jurisdiction only, and not in matters grounded in federal law.

Admiralty is a body of law which is peculiarly federal in nature. Gilmore and Black, The Law of Admiralty, § 1-9 (2d ed. 1975); U.S.

---

[1] There are some limited exceptions to this rule. See Alyeska, 421 U.S. at 257–259. See Discussion, infra, at p. 91.

Const. Art. III, § 2; 28 U.S.C. § 1333. Consequently, in considering the pending requests for attorney's fees in this case, we must look to the federal law of admiralty to determine if fees may be awarded.

With respect to the matter of award of attorney's fees in admiralty cases, the so called "American Rule" referred to above generally prevails. Noritake v. M/V Hellenic Champion, 627 F.2d 724, 730 (5th Cir. 1980); Sandoval v. Mitsui Sempakv K. K. Tokyo, 460 F.2d 1163, 1171 (5th Cir. 1972); American Union Transport Co. v. Aguardilla Terminal, Inc., 302 F.2d 394, 396 (1st Cir. 1962). See also Walker v. The Tug Diane, 9 V.I. 285, 350 F.Supp. 1338 (D.V.I. 1972). There are, however, well established exceptions to the general rule above stated. Under one such exception, attorney's fees may be awarded in an admiralty action in the discretion of the court where it is deemed that the nonprevailing party has acted in bad faith. Vaughan v. Atkinson, 369 U.S. 527 (1962). Such, however, is not the case here. There is an exception, however, which does have application to the instant case. Under this exception, where an indemnitee has been required to defend a law suit, such indemnitee may recover attorney's fees from his indemnitor. A. C. Israel Commodity Co. v. American-West African Line, Inc., 397 F.2d 170 (3rd Cir. 1968); Cotten v. Two "R" Drilling Co., 508 F.2d 669, 671 (5th Cir. 1975).

The contract for the sale of the sulfur loading device which malfunctioned causing damage and thus giving rise to this law suit was made up of various memoranda including printed forms. One such printed standard Hess form contained a clause under which Mintec was obligated to indemnify Hess for "all claims, demands, judgments and liabilities for . . . property damage arising out of or in any way connected with the performance by Mintec, its agents, contractors or employees hereunder." A memorandum from Mintec to Hess, subsequently reaffirmed by letter acknowledging Hess' purchase order, altered the above quoted printed standard indemnity clause. Mintec predicated its acceptance of the purchase order on the following clarification, inter alia: "Mintec/International has no responsibility for consequential damages such as loss of profits, downtime, etc., howsoever caused." Under a standard canon of contract construction of wide acceptance, a typewritten term included in a contract prevails over a printed term in a standard form. Restatement of Contracts (Second), section 203, comment f. We, therefore, construe the contract as a whole between Hess and Mintec as providing that Mintec would indemnify Hess for a claim such as that made herein by Ocean Barge, to the extent of property

damage only, but not to include any award for demurrage. The defense of this law suit had been tendered by Hess to Mintec on the basis of the indemnity clause of their contract construed above. The tender, however, was refused by Mintec. Thus, under the "indemnification exception" to the general rule in admiralty, that attorney's fees are not awarded to a prevailing party, an award of costs to Hess may include, in this situation, attorney's fees for defending that portion of plaintiff's action which demanded recovery for property damage to the Barge Pavel. Hess sought a fee award in the total amount of $10,030. This Court concludes that an award of attorney's fees of $4,500 is reasonable under the "indemnification exception" as hereinabove explained.

 Plaintiff Ocean Barge Transport Co., however, will not meet with such good fortune. None of its claims against Mintec fall within any of the exceptions to the general admiralty rule. The plaintiff's application for attorney's fees must therefore be denied.