The VIRGIN ISLANDS BAR
ASSOCIATION, et al.,
Plaintiffs,

v.

The GOVERNMENT OF the VIRGIN
ISLANDS, Defendant.

Brenda HOLLAR, et al., Plaintiffs,

v.

The GOVERNMENT OF the VIRGIN
ISLANDS, et al., Defendants.

In re Petition to Disintegrate the
VIRGIN ISLANDS BAR
ASSOCIATION.

Civ. Nos. 84/38, 84/5 and 85/193.

District Court, Virgin Islands,
D. St. Thomas and St. John.

June 2, 1987.

James W. Diehm, Christiansted, St. Croix, V.I., for U.S. District Court.

J'Ada Finch-Sheen, Charlotte Amalie, St. Thomas, V.I., for Government of Virgin Islands.

Brenda J. Hollar, Charlotte Amalie, St. Thomas, V.I., for plaintiffs Hollar, Hodge, Poole-Davis and Bryan.

Judith Turner, Christiansted, St. Croix, V.I., for Virgin Islands Bar Assn.

Frank Padilla, Frederiksted, St. Croix, V.I., for petitioner in Civ. No. 85/193.

## OPINION

ANNE E. THOMPSON, District Judge.

Now before the court are three motions: The motion of the Virgin Islands Bar Asso-

ciation ["VIBA"] for release of attorneys' licensing fees held in escrow; the motion of the plaintiffs in Civil No. 84/5 for clarification of the court's opinion of September 30, 1986; and the VIBA's motion for attorneys' fees.

We will grant the motion for the release of the licensing fees. We have dismissed the challenges to the validity of the collection of those fees, and no impediment to their release is found. Should the opposition of the plaintiffs in Civil No. 84/5 have been intended as a motion for a stay of that action pending appeal, that motion is denied. There has been no showing that the plaintiffs in Civil No. 84/5 will suffer any substantial harm if these fees are used during the pendency of an appeal.

We next address the motion of the plaintiffs in Civil No. 84/5 for clarification of our previous opinion. The chief request for clarification pertains to the claim of plaintiff Charlotte Poole-Davis that her right to free exercise of religion is infringed by the scheduling of VIBA meetings on Friday, her Sabbath. We find that the undisputed record demonstrates that the scheduling of these meetings does not constitute an infringement on Ms. Poole-Davis' right to exercise her religious beliefs.

It is undisputed that Ms. Poole-Davis is not required to attend any meeting of the VIBA. She is required merely to pay a fee as a condition of practicing law in the Virgin Islands. She does not argue that the payment of fees in and of itself, or the payment of fees to be used on Fridays by persons not of her faith, is contrary to her religious beliefs. She is therefore not being *coerced to act* in a manner inconsistent with her faith.

The coercion element of free exercise analysis has been described as follows:

To demonstrate an infringement of his free exercise rights, an individual must show "the coercive effect of the [state] enactment as it operates against him in the practice of his religion." *School District of Abington Township v. Schempp,* * * * 374 U.S. [203,] at 223, 83 S.Ct. [1560] at 1572 [10 L.Ed.2d 844 (1963)]. The analysis need not involve a court in

determining the sincerity of one's religious beliefs, *United States v. Ballard,* 322 U.S. 78, 64 S.Ct. 882, 88 L.Ed. 1148 (1944), but it does require that the court inquire into the relative importance of a particular religious ritual and the degree to which exercise of that practice is infringed by government action.
*Brandon v. Board of Education of Guilderland Central School,* 635 F.2d 971, 976 (2d Cir.1980), *cert. denied,* 454 U.S. 1123, 102 S.Ct. 970, 71 L.Ed.2d 109 (1981), *reh. denied,* 455 U.S. 983, 102 S.Ct. 1493, 71 L.Ed.2d 694 (1982); *see also, Hobbie v. Unemployment Appeals Comm'n of Florida,* —— U.S. ——, 107 S.Ct. 1046, 94 L.Ed.2d 190 (1987). We conclude that the statutory scheme controlling the practice of law does not in any way present a dilemma to Ms. Poole-Davis whereby she is forced to choose between her livelihood and her faith. She is merely required to pay a fee for the practice of her profession. She is free to decline to attend meetings if such attendance is contrary to the requirements of her faith.

The remainder of the points raised by the plaintiffs in Civil No. 84/5 in their motion for clarification concern allegedly "ultra vires" acts of the VIBA. They argue, for example, that the amendment to the VIBA bylaws whereby the dues were made equal for all attorneys—government employees or otherwise—was not properly adopted. Several other instances have been argued of actions by VIBA officers contrary to VIBA rules and bylaws.

We find that these allegations are not properly alleged in the complaint, and therefore are not cognizable in this action. More importantly, however, we believe that it would be unwise for this court to delve into the minutae of the VIBA practices. The VIBA is a creature of the courts and the legislature of the Virgin Islands, and is best regulated through authorities closer to the local setting. We will not reach beyond the filed pleadings in this matter to oversee the proper functioning of the VIBA. We note that the plaintiffs in Civil No. 84/5 raise (although not in their complaint) several valid points regarding the operation of

the VIBA. Voting by proxy, for example, may well be allowed to permit persons in Ms. Poole-Davis' situation the opportunity to participate fully in the bar association she is compelled to support. These points do not correspond to properly alleged claims in the complaint, however, and we commend them to the officers and membership of the VIBA, and ultimately to the courts of the Virgin Islands, for consideration.

We now address the motion of the VIBA for attorneys' fees pursuant to 5 V.I.C. § 541. We have reviewed the pleadings, the record and the argument of counsel, and we will deny the motion for the reasons set forth below.

Initially, we note that the gravamen of the complaint in Civil No. 84/5,[1] as it has been argued by the plaintiffs in that action, is that the defendants in Civil No. 84/5 deprived the plaintiffs of rights guaranteed by the United States Constitution. The issues pressed by the plaintiffs centered on their rights under the First and Fourteenth Amendments to exercise their religion and associate freely, to be free from irrational decision making, and to be free from unlawful discriminatory classifications.

It is clear that 5 V.I.C. § 541 permits the award of attorneys' fees as costs only in actions brought pursuant to Virgin Islands, and not federal law. *Ocean Barge Transport v. Hess Oil Virgin Islands*, 598 F. Supp. 45 (D.C.V.I.1984) *aff'd*, 760 F.2d 257 (1985). To the extent, then, that the Bar Association seeks fees for defending against federal claims, it must look for authority in federal law.

█ A prevailing defendant in a federal civil rights action is entitled to an award of attorneys' fees under certain limited conditions. *Christianburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) (award proper only if plaintiff's action was "frivolous, unreasonable, or groundless."); *see Hughes v. Repko*, 578 F.2d 483, 489 (3d Cir.1978); *Davis v. Mills*, 777 F.2d 1524 (11th Cir.1985) (per curiam). We find that the claims raised by plaintiffs were advanced in good faith, and that they presented at least colorable arguments in their support. We will deny recovery as to the federal claims.

█ As we noted above the claims based on Virgin Islands law were not the subject of extensive argument in this matter. Any time spent on non-federal issues would be difficult to isolate for billing purposes. Furthermore, as we noted above, the plaintiffs in Civil No. 84/5 have raised legitimate claims (although not in a form cognizable in this context) which must ultimately be resolved by the Bar Association or the courts of the Territory. We will therefore exercise our discretion under 5 V.I.C. § 541 to deny attorneys' fees.

In our opinion of September 30, 1986, we determined that the petition of Frank Padilla for disintegration of the VIBA raised issues identical to those presented by the other consolidated actions. We requested that Mr. Padilla inform us within 30 days of the Order accompanying that opinion why his petition should not be denied and dismissed. We indicated that in the absence of a timely submission Mr. Padilla's petition would be dismissed. We have received no submission from Mr. Padilla and we reaffirm our view that his petition raised no issues not determined in these consolidated actions and we therefore will deny and dismiss his petition.

In summary, we will grant the motion for release of attorneys' dues from escrow, deny the motion for attorneys' fees, grant, to the extent reflected in the opinion above, the motion for clarification of our previous opinion, and dismiss the petition of Frank Padilla.

---

1. The Bar Association moves for fees only with respect to this action, and not with respect to

Civil No. 84/38.