Susan Esposito **THORSTENN** and **Lloyd De Vos**, Appellants,

v.

**Geoffrey W. BARNARD,** in his capacity as Chairman of the Committee of Bar Examiners of the Virgin Islands Bar, and not personally

and

**Virgin Islands Bar Association,** Defendant–Intervenor.

Nos. 87–3034, 87–3035.

United States Court of Appeals, Third Circuit.

Submitted Aug. 2, 1989.

Decided Aug. 22, 1989.

Cornish F. Hitchcock, Alan B. Morrison, Public Citizen Litigation Group, Washington, D.C., William L. Blum, De Vos & Co., Charlotte Amalie, St. Thomas, U.S. Virgin Islands, for appellants.

Maria Tankenson Hodge, Charlotte Amalie, St. Thomas, U.S. Virgin Islands, for appellee, Geoffrey W. Barnard.

Vincent A. Colianni, Hunter, Colianni, Cole & Turner, Christiansted, St. Croix, U.S. Virgin Islands, for defendant-intervenor, Virgin Islands Bar Ass'n.

Before SEITZ,* HIGGINBOTHAM and ROSENN, Circuit Judges.

* Since the filing of the motions in the above matter, Judge Seitz has taken senior status.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

We have before us plaintiffs' [appellants] motion for a joint and several award of attorneys' fees and costs against the Chairman of the Board of Bar Examiners of the Virgin Islands (the "Chairman") in his official capacity and against the Virgin Islands Bar Association (the "Association") for legal services in the district court, the court of appeals and the Supreme Court. The motion is based on the decision of the Supreme Court of the United States in *Barnard v. Thorstenn*, — U.S. —, 109 S.Ct. 1294, 103 L.Ed.2d 559 (1989). The Court held in the two underlying actions that the residency requirement of Rule 56(b) of the Rules of the District Court of the Virgin Islands violates the Privileges and Immunities Clause of Article IV, § 2 of the Constitution as extended to the Virgin Islands by the Revised Organic Act, 48 U.S.C. § 1561. Only injunctive relief was sought and obtained. Since plaintiffs asserted a violation of a federal statute, viz., the Organic Act, the claims if brought in a united states district court would have been cognizable under 28 U.S.C. § 1331. Subject matter jurisdiction in the district court for the Virgin Islands, therefore, existed pursuant to Section 22 of the Revised Organic Act of 1954, 48 U.S.C. § 1612, and Title 4 V.I.C. § 32.

## I

■ In addressing the fee applications, we are met at the outset with the argument of both the Chairman and the Association that because plaintiffs did not cite 42 U.S.C. § 1983 in their complaints in the district court as the basis for relief, they may not rely on § 1988 (allowing fees in § 1983 actions) as the basis for their requests here. We think the Chairman and the Association have confused the basis for plaintiffs' claim with the appropriate remedy. The complaints clearly assert statutory claims based on violations of a federal statute, i.e. 48 U.S.C. § 1561. Neither the Chairman nor the Association suggests otherwise. Section 1983 provides the remedy in such a case. *Maher v. Cagne*, 448 U.S.

122, 129 n. 11, 100 S.Ct. 2570, 2574 n. 11, 65 L.Ed.2d 653 (1980). So viewed Fed.R. Civ.P. 54(c) controls:

> Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.

Thus, the plaintiffs were entitled to invoke § 1983 as the basis for the injunctive relief granted once the violation was found. This result, in turn, triggered the applicability of § 1988.

The Chairman and the Association, nevertheless, argue that Title 5 Virgin Islands Code § 541 controls the allowance of attorneys' fees and, in consequence, the present motion should have been filed in the district court. It is not clear to us whether this argument is premised solely on the rejected contention that § 1983 is inapplicable here. Assuming that the argument is independently based, we will address it.

■ What we must determine, at the outset, is whether § 541 even applies to the allowance of attorneys' fees in the district court of the Virgin Islands if a federal claim is asserted. We think the answer is that it does not. We agree with the analysis of the district court in *Ocean Barge Transport v. Hess Oil Virgin Islands*, 598 F.Supp. 45 (D.V.I.1984) *aff'd*, 760 F.2d 257 (1985) and in *Virgin Islands Bar Association v. Gov't of the Virgin Islands*, 661 F.Supp. 501, 503 (D.V.I.1987), *aff'd in part and vacated in part*, 857 F.2d 163 (3d Cir.1988), that § 541 is inapplicable to requests for fees based on federal claims. If additional support for our conclusion were needed, we note that § 541 of the Virgin Islands statute and § 1988 are not coextensive in application. A prevailing defendant may generally receive fees under § 541. In contrast, such a defendant may only recover under § 1988 if plaintiffs' claim is frivolous, unreasonable or groundless. *See Roadway Express Inc. v. Piper*, 447 U.S. 752, 762, 100 S.Ct. 2455, 2462, 65 L.Ed.2d 488 (1980).

## II

■ We next address the Association's argument that the Association, even though a losing intervenor, cannot be assessed with attorneys' fees under 42 U.S.C. § 1988. The problem arises because the Association, while not joined as a defendant, was granted permissive intervention to resist plaintiffs' claims.

In resisting the fee application, the Association relies on *Independent Federation of Flight Attendants v. Zipes,* — U.S. —, 109 S.Ct. 2732, 105 L.Ed.2d 639 (1989). The fee application there involved was based on Section 706(k) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k), which provides in pertinent part: "A court, in its discretion, may allow the prevailing party ..., a reasonable attorney's fee as part of the costs." The Court concluded "that district courts should ... award Title VII attorney's fees against losing intervenors only where the intervenors' action was frivolous, unreasonable, or without foundation." *Independent Federation of Flight Attendants v. Zipes,* — U.S. at —, 109 S.Ct. at 2736.

Since we are concerned with a fee application under 42 U.S.C. § 1988, Footnote 2 in the *Zipes* opinion is pertinent:

"The language of § 706(k) is substantially the same as § 204(b) of the Civil Rights Act of 1964, 42 U.S.C. § 2000a–3(b), which we interpreted in *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400 [88 S.Ct. 964, 19 L.Ed.2d 1263] (1968), and 42 U.S.C. § 1988, which we interpreted in *Hensley v. Eckerhart,* 461 U.S. 424 [103 S.Ct. 1933, 76 L.Ed.2d 40] (1983). We have stated in the past that fee-shifting statutes' similar language is "a strong indication" that they are to be interpreted alike. *Northcross v. Memphis Bd. of Education,* 412 U.S. 427, 428 [93 S.Ct. 2201, 2202, 37 L.Ed.2d 48] (1973). See also *Hanrahan v. Hampton,* 446 U.S. 754, 758, n. 4 [100 S.Ct. 1987, 1989, n. 4, 64 L.Ed.2d 670] (1980) (noting that § 1988 was patterned on § 204(b) and § 706(k)); *Hensley, supra,* [461 U.S.] at 433, n. 7 [103 S.Ct. at 1939, n. 7] (noting that the standards set forth in the opinion apply to all fee-shifting statutes with "prevailing party" language)." *Id.* [— U.S. at —, 109 S.Ct. at 2735].

Plaintiffs contend that despite the quoted holding and footnote, *Zipes* is inapplicable here. First, plaintiffs argue that the Association is properly considered the functional equivalent of a defendant, rather than an intervenor, insofar as §§ 1983 and 1988 are concerned. They point out that the Committee of Bar Examiners was created by order of the district court with responsibility for enforcing the residence restrictions in Rule 56. They also note that the Association, through its Professional Ethics and Grievances Committee and its Unauthorized Practice of Law Committee, is charged with investigating and prosecuting complaints against lawyers who attempt to practice in the Virgin Islands without residing there. 5 V.I.C., App. V, R. 51 annotation (Virgin Islands Bar Association Bylaws, Bylaw IX, 8(C), (D)).

The Association retorts that it was not a named defendant, that as a permissive intervenor it asserted no defenses peculiar to itself but, rather, reiterated the position taken by the Chairman, and that no relief was granted against it. In these circumstances, it says that it is a blameless intervenor whose position is indistinguishable in substance from that of the intervenor in *Zipes.*

The plaintiffs and the Chairman filed cross motions for summary judgment in the district court along with supporting affidavits, memoranda and a stipulation of facts before the Association even sought and was granted permissive intervention based on the alleged interest of the Association in the outcome. The Association thereupon moved for summary judgment with a memorandum and supporting affidavit of its president. It essentially reiterated the Chairman's position as to the validity of the residency rule.

As noted, the Association did not advance any issue not already presented. Nor did it assert any interest distinct from that advanced by the Chairman as the basis for its position. In consequence, it imposed

no additional burden on plaintiffs in the litigation. Furthermore, while committees of the Association are involved with "policing" concerns with respect to the actions of its membership, the only issue in this litigation was the validity of a residence rule based on an order of the district court. Thus, no "policing" function of the Association was directly implicated in this litigation.

Given the foregoing circumstances, and the fact that no relief was sought or granted against the Association, we conclude that the intervenor Association, although integrated, is not the functional equivalent of a defendant here, even assuming that such a defendant would be subject to fee payments under § 1988.

Plaintiffs also argue that the instant case is distinguishable from *Zipes* in that the Association did not intervene to protect any identifiable rights of the Association or its members. We disagree. The actions of the Association and its members would, in part, be dependent on and affected by the validity of the residency rule.

Plaintiffs next argue that *Zipes* must be distinguishable here because the Supreme Court denied a petition for certiorari in *Charles v. Daley*, 846 F.2d 1057 (7th Cir. 1988), *cert. denied*, — U.S. ——, 109 S.Ct. 3214, 106 L.Ed.2d 564 (1989), which also involved a review of an order granting fees to an intervenor under § 1988. It did so shortly after the *Zipes* opinion.

We cannot, of course, be certain why the Court denied certiorari in *Diamond* rather than remanding it for reconsideration in light of its *Zipes* decision, particularly since it apparently had been withholding action on the petition. Our best evaluation is that because the intervenors there were advancing interests separate and distinct from those asserted by the state defendants and vigorously pressing them throughout, the Court may have viewed the intervenors as functional defendants and thus outside the *Zipes* ruling. In any event, the denial of certiorari is not of independent legal significance, whereas we are required to apply *Zipes*, where, as here, we deem it controlling.

Plaintiffs also rely on language in *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 739, 100 S.Ct. 1967, 1978, 64 L.Ed.2d 641 (1980), suggesting that assessing an attorney's fee against the Virginia State Bar Association might be appropriate in that case. They contend that in view of such language, fees should be allowed against the Association. The answer is that the Association, in contrast to the Virginia State Bar Association, was not a named defendant here and the lawsuits here simply attacked the validity of the residency requirement imposed by the district court order. No policing activity of the Association was involved. Given the posture of these cases the Association was in truth a blameless intervenor.

Finally, we find absolutely no merit to plaintiffs' argument that, in any event, the Association's position in the litigation was unreasonable and that the exception announced in the *Zipes* case should therefore apply to it. The short answer is that the Association was merely joining the Chairman's defense of the district court order, the validity of which received substantial, albeit minority, support in the course of these extended judicial proceedings.

We conclude that *Zipes* is controlling and that the motion to assess fees against the Association must be denied.

### III

■ The request for § 1988 fees for services rendered in the district court would ordinarily be decided by the district court. However, because that court decided for the defendants no fees were awarded. Because of the reversal the plaintiffs are now entitled to reasonable fees for such services. We will, however, defer ruling on a remand of that part of the motion until we know whether an issue as to the reasonableness of the requested fees for such services is raised. If such a challenge is filed, we will remand that portion of the request to the district court for prompt determination.

Plaintiffs are also entitled to reasonable fees for services in this court. They are to

be fixed by us. *Vasquez v. Fleming,* 617 F.2d 334 (3d Cir.1980). The same is true for services in the Supreme Court.

Because the focus up to this point has been on legal issues, we will, before disposing of the request for fees, afford the Chairman thirty days from the date of this opinion to file, if desired, specific objections to the reasonableness of the fees requested.

Plaintiffs' motion seeking an award of attorneys' fees and costs against the Virgin Islands Bar Association will be denied. Plaintiffs' motion for fees will be granted against the Chairman, subject to later determination of the specific amount. When fixed, such fees will be assessed against the Chairman of the Committee of Bar Examiners of the Virgin Islands in his official capacity only.