**In re SAUSE BROTHERS OCEAN TOWING, a corporation, as Owner/Charterer of the T/V OCEAN SERVICE, Plaintiff,**

**In a Cause for Exoneration from or Limitation of Liability,**

**AND RELATED CASES.**

**Civ. No. 89–609–RE.**

United States District Court, D. Oregon.

Oct. 16, 1991.

Douglas M. Fryer, Jeffrey L. Jernegan, Mikkelborg Broz Wells & Fryer, Seattle, Wash., Sydney L. Chandler, Chandler, Lesan, Stokes & Finneran, Coos Bay, Or., for claimant/third-party plaintiff Canada.

Paul N. Wonacott, John M. Cowden, Kim Jefferies, Wood Tatum Mosser Brooke & Landis, Portland, Or., for claimant/third-party plaintiff British Columbia.

Kenneth O. Eikenberry, Atty. Gen., Ann C. Essko, William C. Frymire, Asst. Attys. Gen., Olympia, Wash., Michael E. Haglund, Michael K. Kelley, Haglund & Kirtley, Portland, Or., for claimant/third-party plaintiff State of Wash.

Stuart M. Gerson, Asst. Atty. Gen., Charles H. Turner, U.S. Atty., Jack G. Collins, First Asst. U.S. Atty., Chief, Civ. Div., Portland, Or., Philip A. Berns, Warren A. Schneider, Robert J. Cunningham, Trial Atty., Torts Branch, Civ. Div., U.S. Dept. of Justice, San Francisco, Cal., for claimant U.S.A. and U.S.A. as Trustee for Hoh, et al.

David S. Teske, David S. Teske & Associates, Seattle, Wash., for claimants LeBlanc, et al.

Dean D. DeChaine, Miller, Nash, Wiener, Hager & Carlsen, Portland, Or., Hugh M.G. Braker, Port Alberni, B.C. V9Y 7M2, Canada, for claimants· Nuu–Chah–Nulth Tribal Council, et al.

Robert P. Zuanich, Jones & Zuanich, Seattle, Wash., for claimants Dale Marble, Dominick Pepetti.

Gary F. Kollmuss, pro se claimant.

Christopher Harvey, Russell & DuMoulin, Vancouver, B.C., Canada V6E 3G2, for claimant Marilyn Dobrilla for Bill Dobrilla (deceased).

Leigh R. Hilbert, pro se claimant.

Ralph Tieleman, pro se claimant.

Janice R. Dillon, Vancouver, B.C., Canada V6Z 1S4, for claimants Wickaninnish Is. Properties Ltd.

Ken Zakreski, pro se claimant.

Jan Thomas Baisch, Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, Or., for claimants John Does # 1–100.

Guy C. Stephenson, Schwabe, Williamson & Wyatt, Portland, Or., for plaintiff Sause Bros. Ocean Towing and third-party defendant BP North America Petroleum, Inc.

Garry P. McMurry, Portland, Or., for claimants Pacific Rim Resort Properties, Inc., et al.

Kathleen M. Ker, La Liberte Hundert, Vancouver, B.C., Canada V6Z 1V8, for claimants Clayton Fuller and Stanley Fuller, et al., and claimants Pacific Pride Seafoods Corp.

Ucleulet Band Council, pro se claimant.

Mark D. Andrews, Barrister and Solicitor, Vancouver, B.C., Canada V6C 3H7, for claimants Susan Etherington, et al., and Mark Klotz, et al.

Kevin R. Lyon, Cullen & Cullen, Olympia, Wash., for claimants Quileute Tribal Council.

Sharon Janeson, Richard, B.C., Canada U7E 3A5, for claimants Richard Alan Holmes and Matthew Cardell, dba Al's Gooseneck Corp.

Brett A. Purtzer, Tacoma, Wash., for claimants Kurt Marble and Jon Schmidt.

David F., Margaret R., and Stephen J. Rae-Arthur, pro se claimant.

Arthur Clarke, pro se claimant.

Louis J. Zivot, Lang, Michener, Lawerence & Shaw, Vancouver, B.C., Canada V7X 1L1, for claimants T. Cameron Scott, Ron Dunsmore and Ian J.W. Garcia.

Jeffrey J. Bodé, Bellingham, Wash., for claimants Steve Lawson and Suzanne Hare.

## OPINION

REDDEN, Chief Judge.

Sause Brothers brought the present action to limit its liability for an oil spill, pursuant to 46 U.S.C.App. § 183, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. I previously ruled that Sause Brothers cannot be exonerated from or limit its liability, pursuant to 46 U.S.C.App. § 183(a). Now before me is Sause Brothers' motion to strike the LeBlanc claimants' claim for attorneys' fees. A hearing on the motion was held on September 23, 1991. For the reasons that follow, I deny the motion.

## BACKGROUND

Sause Brothers is an Oregon corporation having its principal place of business in Oregon. The oil spill occurred in the waters of Washington. Some oil from the spill floated into Canadian waters. The LeBlanc claimants ("claimants") allege damages incurred in Canadian waters and on Canadian land as a result of the spill.

## STANDARDS

■■■ Although originally styled as a motion to strike, this motion is correctly construed, and has been argued, as a motion to dismiss for failure to state a claim. *See* 5A Wright & Miller, *Federal Practice and Procedure* § 1380 (1990) at 644–6 (motion to strike is not a proper way to procure dismissal of part of a complaint, but an inaccurately denominated motion may be construed as a motion to dismiss). Under Fed.R.Civ.P. 12(b)(6), dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *Litchfield v. Spielberg,* 736 F.2d 1352, 1357 (9th Cir.1984), *cert. denied* 470 U.S. 1052, 105 S.Ct. 1753, 84 L.Ed.2d 817 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. *Rosen v. Walters,* 719 F.2d 1422, 1424 (9th Cir.1983).

## DISCUSSION

■■ The "American Rule" requiring parties to bear their own attorneys' fees generally applies in admiralty. *B.P. North America Trading, Inc. v. Vessel Panamax Nova,* 784 F.2d 975, 977 (9th Cir.1986) *cert. denied* 479 U.S. 849, 107 S.Ct. 175, 93 L.Ed.2d 111 (1986). Claimants here argue, however, that since attorneys fees may be awarded to prevailing parties under Oregon and Canadian law which may govern their claims, their fee claim should be preserved until the Court resolves the choice of law issues in this case. Sause Brothers responds that the Oregon and Canadian law regarding fees would not be applicable in any event.

## A. Oregon Law

As to Oregon law, claimants would rely on ORS 20.080, which provides that attorneys' fees shall be awarded to plaintiffs prevailing in claims of $4,000 or less for injuries to person or property. Claimants contend Oregon law may govern their claims and that ORS 20.080 would be part of the applicable substantive law.

Sause Brothers argues claimants' reliance on ORS 20.080 is misplaced, because federal courts sitting in Admiralty are not bound by state laws allowing attorneys' fees, citing *Puritan Insurance Co. v. Eagle Steamship Co. S.A.*, 779 F.2d 866 (2d Cir.1985) and *Ocean Barge Transport Co. v. Hess Oil Virgin Islands, Corp.*, 598 F.Supp. 45, 47–48 (D. VI 1984). Neither *Puritan* nor *Ocean Barge*, however, squarely preclude application of the Oregon statute in this case.

In *Puritan*, the Second Circuit vacated and remanded a state law-based attorneys' fees award in an admiralty case. Noting that the possible applicability of admiralty law had not even been considered below, the Court remanded for consideration of whether admiralty or state law should govern the fee claim. 779 F.2d at 873. The district court was directed to apply whichever law it concluded was applicable. *Id.* Thus, *Puritan* does not preclude a finding that the Oregon fee statute applies here.

In *Ocean Barge*, the district court held that a Virgin Islands Code provision defining recoverable court costs to include attorneys fees in *any* civil case was inapplicable in admiralty cases. 598 F.Supp. at 47–48. *Ocean Barge* is distinguishable from this case in that there was no choice of law question there concerning which law governed the substantive, underlying claim; only the applicability of the local attorneys fee statute was disputed.

Neither party has cited authority directly resolving whether state attorneys' fee statutes are applicable where state law governs the underlying claims in a Limitation of Liability Act case such as this. *See* Gilmore and Black, *The Law of Admiralty* (1975) at 47–50 (noting inconsistencies in cases). I conclude that it cannot be definitively said at this stage that plaintiffs cannot recover fees under ORS 20.080.

## B. Canadian Law

On the premise that Canadian law may apply, claimants assert British Columbia's Supreme Court Act and Rules in support of their fees claim. The Supreme Court Act's Section 62 provides for discretionary awards of attorneys fees (referred to as "costs") to prevailing parties in civil proceedings generally. Claimants have also submitted Canadian case authority for the proposition that Canadian law providing for the recovery of fees as costs is substantive and not procedural. *E.g.*, *The King v. Thomas*, 56 Man.R. 232, 252 (1948).

When foreign law governs a party's claim, admiralty courts will look to that law in determining the party's rights to attorney's fees. *Vlachos v. M/V Proso*, 637 F.Supp. 1354, 1356 (D.Md.1986). Thus, were Canadian law to govern the claims in this case, it may also appropriately be applied to award claimants attorneys' fees.

Sause Brothers argues that federal law governs the procedural aspects of federal litigation, and that costs are a purely procedural matter in federal courts. Therefore, Sause Brothers concludes, claimants' attorneys fees cannot be recovered as "costs" even if Canadian law applies. This argument is unpersuasive. It relies on the definition of "costs"—as defined in American federal law—to dispose of claimants' claim for "costs" based on Canadian law. The Appendix of Canadian Legal Authority submitted by claimants, however, demonstrates that "costs" in Canadian law generally refers to attorneys' fees, and "expenses" and "disbursements" are used to refer to items referred to as "costs" in American federal law.

Sause Brothers also argues that the Canadian Court Rules' attorneys' fee provisions are purely procedural, and are therefore inapplicable in federal court. This argument fails to effectively respond to claimants' contrary assertion, which is supported by Canadian case authority. Thus, Sause Brothers has not shown that claim-

ants cannot recover fees based on Canadian law if it is found to be applicable.

CONCLUSION

Plaintiff Sause Brothers has not shown that claimants cannot recover attorneys' fees. Plaintiff's motion to strike the LeBlanc claimants' attorneys' fees claim is therefore DENIED.