**INTERESTED UNDERWRITERS AT LLOYD'S, MY WAY, INC. TRI MY WAY, INC., and FREDERICK BRODSKY, Plaintiffs**

**v.**

**HAULOVER MARINE, INC., Defendant**

Civil No. 1994-43

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 6, 1994

MOORE, *Chief Judge*

## MEMORANDUM

This matter is before the Court on the defendant's Motion to Dismiss the plaintiffs' complaint. The issues having been sufficiently

framed in defendant's motion and plaintiffs' opposition thereto, the Court denies the motion based on the pleadings, without the need for oral argument.

Though defendant moves for dismissal under Fed. R. Civ. Proc. 12(b),[1] the gravamen of defendant's motion revolves around plaintiffs alleged want of standing to "commence or maintain any action in any court", in the Virgin Islands, pursuant to V. I. Code Ann., tit. 13, § 533(a). The Court first addresses the suggestion that a United States District Court would lack jurisdiction to hear this action for damages in admiralty due to a provision of local law, state or territorial, depriving a corporation of the capacity to sue. We then go on to consider the scope of the jurisdiction of this District Court to hear such an action in admiralty.

▮ It is settled that a right created by federal law can be heard in federal court regardless whether a litigant may not have the capacity to pursue that right in a state court. 17 Charles Wright, Arthur Miller & Edward Cooper, Federal Practice and Procedure § 4211 (1988 & Supp. 1994); Holmberg v. Armbrecht, 327 U.S. 392 (1945) (federal court not bound by state statute of limitations); Angel v. Bullington, 330 U.S. 183, 192 (1947) (citing Holmberg for the proposition that "where resort is had to a federal court not on the grounds of diversity . . . but because a federal right is claimed, the limitations upon the courts of a State do not control a federal court sitting in the State"); Arlington Heights v. Metropolitan Housing Corp, 429 U.S. 252, 262 n.8 (1976). See also, Garrett v. Moore-McCormack Co., 317 U.S. 239 (1942) (Pennsylvania state courts erred in applying state procedural rule to a maritime action where the local rule foreclosed plaintiff's federally created relief); compare, Woods v. Interstate Realty Co., 337 U.S. 535 (1949) (where a federal court, sitting in diversity, properly granted summary judgment dismissing suit where state rules had closed the doors on a litigant not qualified to do business in the state under a state statute).[2]

---

[1] Defendant's motion papers cite Fed. R. Civ. Proc. 12(b)(2) ("lack of jurisdiction over the person") and 12(b)(6) ("failure to state a claim upon which relief can be granted") as the basis for their motion to dismiss, but do not offer any argument in support of either of these premises for dismissal. The Court thus deems the motion as one for summary judgment and entertains defendant's jurisdictional argument in that fashion.

[2] See also, Scott v. School District No. 6, 815 F. Supp. 425, 427 (D.Wyo. 1993); City of Chicago v. Wolf, 1992 U.S. Dist. LEXIS 6035, *26 (N.D.Ill. 1992); Lamb v. United States, 526 F. Supp. 1117 (M.D.Ga. 1981).

■ This Court is not a District Court of the United States created by 28 U.S.C. § 132 (1988), under Article III, Section 1 of the Constitution, in the judicial districts listed in 28 U.S.C. §§ 81–131. Nonetheless, the Revised Organic Act of 1954, as amended in 1984, and codified in 48 U.S.C. § 1612 (1988), pursuant to Article I of the Constitution makes this Court the functional equivalent of a District Court of the United States. specifically, section 22(a) vests the District Court with "the jurisdiction of a District Court of the United States." The District Court thus maintains exclusive jurisdiction over those matters which are within the exclusive jurisdiction of a District Court of the United States.[3]

■ Section 1333 of title 28, United States Code, allocates jurisdiction over maritime matters by stating

> the district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled. . . .

The first clause of section 1333 gives federal courts the power to hear any matter in admiralty without regard to the existence of a federal statute creating a maritime right, diversity of citizenship or a minimum amount in controversy.[4] Thus, a determination that an action arises "in admiralty" connotes that Congress has the power to provide the substantive and procedural law governing the resolution of the dispute and, that if Congress has not done so, the courts must fashion a federal admiralty common law.

Taken together, these provisions of the Revised Organic Act and the United States Code confer on this Court the same jurisdiction over actions in admiralty as any District Court of the United States.

---

[3] In 1984, Congress simplified and consolidated the jurisdictional authorizations for this Court by subsuming various piecemeal grants, such as former 48 U.S.C. § 1400 (specifically extending United States admiralty law to the Virgin Islands) and former 48 U.S.C. § 1615 (specifically applying "[t]he rules of practice and procedure . . . in civil cases [and] in admiralty cases" to the District Court of the Virgin Islands), into the general grant of jurisdiction now found in 48 U.S.C. § 1612 and section 22(a) of the Revised Organic Act.

[4] The second clause—"saving to suitors . . ."—grants state courts concurrent subject matter jurisdiction over most maritime matters, but has been held not to grant states the right to apply their own substantive law; rather, the clause merely "saves" judicial competence to hear maritime matters. State tribunals, thus, are bound by that substantive federal law of admiralty.

Moreover, access to the "admiralty side" of our jurisdiction is governed by federal substantive and procedural law rather than state or territorial law. Accordingly, 13 V.I.C. § 533(a) may not limit access of a party to the District Court for the purpose of bringing an action in admiralty. Even assuming, arguendo, that plaintiffs are not in good standing in the Virgin Islands and therefore cannot commence or maintain an action based on local law in the courts of the Virgin Islands, this Court, sitting in admiralty, has jurisdiction to entertain plaintiffs' suit.

■ Furthermore, this Court has previously refrained from applying Virgin Island statutes to the operations of the federal courts in admiralty. Ocean Barge Transport v. Hess Oil Virgin Islands Corp., 21 V.I. 87, 598 F. Supp. 45 (D.V.I. 1984), aff'd 760 F.2d 259 (3d Cir. 1985). In Ocean Barge, we ruled that since "[a]dmiralty is a body of law which is peculiarly federal in nature," it is appropriate to "look to the federal law of admiralty" to determine the appropriateness of a local statute purporting to affect an action in admiralty. 598 F. Supp. at 47. The Court of Appeals for this Circuit followed Ocean Barge in Sosebee v. Rath, 893 F.2d 54, 56 (3d Cir. 1990) and went on to note the "strong interest in maintaining uniformity in maritime law" which would be undermined by allowing local rules to impinge on the exercise of admiralty jurisdiction. Id. The principles enunciated in the attorney's fees cases cited above naturally extend to a case such as the one at bar, where the local laws of capacity and standing to sue, which close the door to the local courts, are offered as a basis for denying litigants access to the federal court.

For these reasons, the defendant's motion to dismiss will be denied. A separate order to that effect follows.

ENTERED this 6th day of October, 1994.

## ORDER

For the reasons outlined in the attached memorandum of law, it is hereby

ORDERED that defendant's motion to dismiss is DENIED. ENTERED this 6th day of October, 1994.