**CROWLEY AMERICAN TRANSPORT, INC., Appellant**
**v.**
**CECILE BRYAN, Appellee**

Civ. App. No. 1997-227

District Court for the Virgin Islands

Div. of St. Thomas and St. John

June 30, 1999

Riel Faulkner, Esq., St. Thomas, VI, *for Appellant*

Cecile Bryan, St. Thomas, U.S.V.I., *for Appellee*

MOORE, *Chief Judge*

**MEMORANDUM OPINION**

## I. INTRODUCTION

Crowley American Transport, Inc. ["Crowley" or "appellant"] and Cecile Bryan ["Bryan" or "appellee"] appeals a judgment of the Small Claims Division of the Territorial Court awarding Cecile Bryan ["Bryan" or "appellee"] $1500 and court costs. For the reasons set forth below, the Court will vacate the judgment of the Territorial Court.

## II. FACTUAL AND PROCEDURAL HISTORY

In June 1996, Bryan gave money to a friend, Eisa Jamil Mohammed ["Mohammed"], to purchase a car for Bryan while

Mohammed was in Miami. Bryan also asked Mohammed to arrange and pay for the shipping of the car to St. Thomas. Mohammed purchased a car and delivered the car, a 1991 Honda Accord, to Crowley's terminal in Port Everglades, Florida.

Crowley's routine practice was to require the shipper or consignee to complete and sign a pre-printed bill of lading form. The terms and conditions of the shipping contract between the carrier, Crowley, and the consignee are printed on the reverse side of the bill of lading form. (Appellant's Br. at 1.) Crowley also completes an automobile inspection record which details the condition of the car before it is given into Crowley's custody. Crowley completed and Mohammed, as consignee, signed an automobile inspection record on Bryan's Honda on June 24, 1996. (Id. Ex. 3.) The inspection record indicates that the car arrived at Crowley's with some damage including some denting, scratching, and that it lacked floor mats. (Id.) Neither party has been able to provide a copy of the bill of lading signed by the consignee. Such a document obviously was executed because the car would not have been shipped from Miami and arrived at St. Thomas on or about July 7, 1998, without a signed bill of lading.

At some point between July 7 and July 12th, Mohammed allegedly transferred title of the car to Bryan. (*See* Appellee's Br. Ex. 8 (A notarized statement of Eisa Jamil dated July 15, 1996, stating that he would "like to turn [the 1991 Honda Accord] over to Cecile Bryan.").) Also during this time period, Hurricane Bertha struck the Virgin Islands and caused serious damage to Crowley's storage facilities. Crowley alleges that the hurricane also caused additional damage to Bryan's car. A second Automobile Inspection Record completed on July 12, 1996, reflects the new damage including a scratched left fender, a scratched windshield, and damage to the moldings on the car. (Appellant's Br. Ex. 4.) This second inspection record is signed by Bryan's husband, Henville Bryan, as consignee. (*Id.*)

Subsequently, Bryan obtained estimates for the cost of repair to the car and then sought payment from Crowley for the cost of the repairs. For approximately the next five months, from August 1996, to December 1996, Crowley and Bryan exchanged numerous communications in an effort to resolve their differences and settle

the dispute over damages. On December 27, 1996, having reached no settlement, Bryan filed suit in the Small Claims Division of the Territorial Court, seeking $2400 in damages to the car, as well as court costs and fees. Bryan did not serve her complaint on Crowley until July 22, 1997. (Appellant's Br. at 4 & Ex. 18.) The Territorial Court conducted three hearings on this matter, on September 5, October 6, and October 27, 1997.

On October 24, 1997, Crowley through counsel filed a motion to transfer the matter to the Civil Division, citing the complexity of the issues involved and the liability limitation imposed by the Carriage of Goods on the Sea Act which applied to the shipping contract between Crowley and Bryan.[1]

At the last hearing on October 27th, the court struck Crowley's motion to transfer because parties cannot be represented by counsel in matters before the Small Claims Division. (Transcript at 2 (Oct. 27, 1997).) The court stated that it would have denied the motion in any event because the issue presented was "relatively simple," the amount of money in dispute was within the jurisdiction of the Small Claims Division, the court did not see any "justification to transfer it outside of the Small Claims Division, and the court had already heard the case on two separate occasions. (*Id.*)

Following the court's ruling on the motion to transfer, the judge heard testimony from Crowley's representative and Bryan regarding a possible settlement that had been reached between Crowley and Bryan. After hearing the testimony, the court held that Bryan had made an offer to settle for $1500 and that Crowley had accepted this offer. Finding this to be a "'full settlement of offer and acceptance," the court entered judgment against Crowley in the amount of $1500 plus court costs of $40. (*Id.* at 13.) The court's written judgment was entered on October 31, 1997. (Appellant's Br. Ex. 21.) Crowley filed a timely notice of appeal on November 12 1997.

---

[1] Crowley continues to argue that Bryan has no standing to challenge the shipping contract that was duly executed between Crowley and Mohammed as Mohammed failed to legally transfer title of the vehicle to Bryan. This issue will not be addressed because it is irrelevant in light of the jurisdictional defect. Accordingly, this opinion assumes that Bryan is the current lawful owner of the car.

## III. DISCUSSION

This Court has jurisdiction to review the judgments and orders of the Territorial Court in all civil cases. V.I. CODE ANN tit. 4, § 33. The Court's review of questions of law is plenary. *Nibbs v. Roberts,* 31 V.I. 196, 204 (D.V.I. App. Div. 1995).

■ Although the appellant has presented numerous issues in its appeal,[2] the Court only reaches the question of the Territorial Court's jurisdiction to consider this matter. A party may raise the issue of subject matter jurisdiction at any time, including on appeal, even though, as here, the issue was not raised before the trial court. *See* FED. R. CIV. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").[3]

■ The District Court of the Virgin Islands has exclusive jurisdiction of admiralty and maritime cases pursuant to 28 U.S.C. § 1333. *See* Revised Organic Act of 1954, § 22(a), 48 U.S.C. § 1612 ("The District Court of the Virgin Islands shall have the jurisdiction of a District Court of the United States . . . ."); *see also Brow v. Farrelly,* 28 V.I. 345, 994 F.2d 1027, 1034 (3d Cir. 1993)(District Court of the Virgin Islands has exclusive jurisdiction of admiralty cases.); *Interested Underwriters at Lloyd's v. Haulover Marine, Inc.,* 30 V.I. 344, 866 F. Supp. 235, 236-37 (D.V.I. 1994) (same). Section 1333, however, does not define what constitutes an action arising in admiralty. The Court of Appeals for the Third Circuit has established that "contracts purely for transporting goods on water are wholly maritime and thus within the federal courts' admiralty jurisdiction." *Berkshire Fashions, Inc. v. M.V. Hakusan II,* 954 F.2d 874, 880 (3d Cir. 1992) (emphasis added). The crux of this court's analysis, then, is whether the subject contract is "wholly maritime." We must examine the contract or bill of lading in dispute to make such a determination.

---

[2] These issues include: whether the Small Claims Division of the Territorial Court abused its discretion when it denied appellant's motion to transfer the matter to the Civil Division, whether the court's finding that the parties had reached a settlement agreement was clearly erroneous, and whether the appellee lacked standing to bring suit against the appellant.

[3] The Federal Rules of Civil Procedure apply to proceedings in the Territorial Court to the extent they are not inconsistent with the Rules of the Territorial Court. TERR. CT. R. 7.

The contract forming the basis for this dispute is the bill of lading governing the shipment of the 1991 Honda Accord from a port in Florida to St. Thomas. The bill of lading does not include any "non-maritime aspects." *See, e.g., Pittston Co. v. Allianz Ins. Co.,* 795 F. Supp. 678, 689 (D.N.J. 1992)(applying holding of Berkshire Fashion, Inc. to determine if matter fell within court's exclusive admiralty jurisdiction).[4] Accordingly, Crowley's contract with Bryan, via her agent, was one purely for the transport of goods on the sea which is subject to the exclusive admiralty jurisdiction of the federal courts, in this case the District Court of the Virgin Islands.[5]

The Territorial Court also lacked jurisdiction to enforce the parties' apparent settlement agreement reached outside the court-room. "A court may not . . . exercise authority over a case for which it does not have subject matter jurisdiction." *Brown v. Francis,* 33 V.I. 385, 75 F.3d 860, 866 (3d Cir. 1996) (parties' agreement to arbitrate cannot cure subject matter jurisdiction defect). As the Territorial Court did not have jurisdiction over the dispute between Crowley and Bryan, it could not enforce any settlement agreement supposedly reached between the parties to resolve that controversy.

---

[4] The appellant relies heavily on the fact that the bill of lading specifically incorporates the Carriage of Goods on the Sea Act ["COGSA"], 46 U.S.C. App. §§ 1300-15. The appellant argues that because COGSA applies to this dispute, the matter falls within the exclusive admiralty jurisdiction of the District Court. This is a red herring. Although it is a factor the court may consider in reaching its determination, the application of COGSA is not by itself determinative of the trial court's jurisdiction. *See Berkshire Fashions, Inc.,* 954 F.2d at 882 (even though COGSA was applicable to bill of lading, trial judge must take evidence of the actual events of the transaction, together with the usual trade and practice of the parties, to determine if admiralty jurisdiction is invoked).

[5] The Territorial Court also was precluded from hearing this matter because of the choice of forum clause contained in the parties' bill of lading. The bill of lading states that "any suits against the Carrier shall be brought in the Federal Courts of the United States." (Appellant's Br. Ex. 2, P 34.) Bryan argues that since Crowley has not been able to produce a signed copy of the original bill of lading, the terms and conditions of the contract are inapplicable to her dispute with Crowley. The first paragraph of the contract defeats her argument: "The absence of signatures of either Carrier or Shipper or both shall not affect the applicability or enforceability of this Bill of Lading." (*Id.* ¶ 1.)

## IV. CONCLUSION

■ The dispute between Crowley and Bryan falls within the exclusive admiralty jurisdiction of the District Court. Accordingly, the Small Claims Division of the Territorial Court did not have jurisdiction over this matter and could not enforce any settlement agreement between the parties. The Appellate Division will vacate the judgment of October 31, 1997, awarding Bryan $1540 in damages and court costs, and remand the case to the Territorial Court for disposition in accordance with this Memorandum Opinion.

### ORDER

PER CURIAM

For the reasons set forth in the accompanying Memorandum Opinion of even date, it is hereby

ORDERED that judgment of the Territorial Court of October 31, 1997, which awarded appellee Cecile Bryan $1500 plus court costs, is VACATED, and the case is REMANDED to the Territorial Court for disposition in accordance with this Memorandum Opinion. It is further

ORDERED that, pursuant to V.I. R. App. 32, the Clerk shall issue the mandate to the Clerk of the Territorial Court twenty-one days after entry of this judgment and then shall close this file.

ENTERED this 30th day of June, 1999.