CROWLEY AMERICAN TRANSPORT, INC., Appellant,

v.

Cecile BRYAN, Appellee.

No. CIV. A.1997–227.

District Court, Virgin Islands,
Appellate Division,
D. St. Thomas and St. John.

January 22, 2001.

Gregory H. Hodges, Dudley, Topper & Feuerzeig, St. Thomas, VI, Counsel for Appellant.

Cecile Bryan, St. Thomas, VI, pro se.

Before: RAYMOND L. FINCH, Chief Judge, District Court of the Virgin Islands; THOMAS K. MOORE, District Judge, District Court of the Virgin Islands; and EDGAR D. ROSS, Territorial Court Judge, Division of St. Croix, Sitting by Designation.

## MEMORANDUM OPINION

PER CURIAM.

## I. INTRODUCTION

In 1996, Cecile Bryan ["Bryan"] filed suit in the Small Claims Division of the Territorial Court, seeking compensation for damages to her automobile which she alleged occurred while the car was in the possession of Crowley American Transport, Inc. ["Crowley"]. An agent of Bryan's had given Crowley possession of the car in Florida; Crowley then shipped the car to St. Thomas. Following a judgment of the Territorial Court in favor of Bryan, Crowley appealed the ruling to this Court. In June of 1999, this Court found that the District Court of the Virgin Islands has exclusive jurisdiction of admiralty and maritime cases pursuant to 28 U.S.C. § 1333. *See Crowley Am. Transport, Inc. v. Bryan*, 41 V.I. 194, 197, 55 F.Supp.2d 356, 359 (D.V.I.1999). Accordingly, this Court vacated the Territorial Court's judgment in favor of Bryan, finding that the Territorial Court lacked subject matter jurisdiction to consider her claims. Although it does not alter the outcome of the appeal, the Court now notices its error in failing to consider the "saving to suitors" clause of section 1333 in its previous opinion of June 30, 1999.

## II. DISCUSSION

 Section 1333 of Title 28 provides:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

(1) Any civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled.*

(2) Any prize brought into the United States and all proceedings for the condemnation of property taken as prize.

(Emphasis added.) The "saving to suitors" clause, highlighted above, provides for concurrent jurisdiction over certain admiralty claims. Specifically, a district court's admiralty jurisdiction is exclusive

only as to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien.... But the [savings to suitors clause] does leave state courts 'competent' to adjudicate maritime causes of action in proceedings 'in personam,' that is, where the defendant is a person, not a ship or some other instrument of navigation.

*Madruga v. Superior Court*, 346 U.S. 556, 560, 74 S.Ct. 298, 98 L.Ed. 290 (1954); *see also Sipe v. Amerada Hess Corp.*, 689 F.2d 396, 404 (3d Cir.1982) (relying on *Madruga* to find that New Jersey state court could properly assert concurrent jurisdiction over in personam claims arising in admiralty because of "saving to suitors" clause).

 Bryan's suit against Crowley for damages to her automobile that allegedly occurred during shipping is a proceeding in personam, not in rem, and therefore falls within the concurrent jurisdiction provided for in the "saving to suitors" clause. Although the "saving to suitors" provision of section 1333 does afford the Territorial Court jurisdiction to hear proceedings in personam, such as Bryan's, that court nevertheless was precluded from considering Bryan's suit or enforcing any alleged settlement agreement because of the choice of forum contained in the parties' shipping contract, i.e., the bill of lading. As noted in our June, 1999, opinion, the parties' bill of lading stated that "any suits against the Carrier shall be brought in the Federal Courts of the United States." *Crowley*, 41 V.I. at 198 n. 5, 55 F.Supp.2d at 360 n. 5.

By the parties' own agreement, then, the Territorial Court simply was the wrong forum for Bryan's claims against Crowley.[1]

## III. CONCLUSION

We submit this memorandum to correct an error in the analysis recited in our previously published opinion, namely to acknowledge that the District Court of the Virgin Islands' exclusive jurisdiction in matters arising in admiralty extends only to proceedings in rem. We here further acknowledge that the Territorial Court has concurrent jurisdiction to consider in personam proceedings arising in admiralty. This conclusion, however, does not alter our decision vacating the Territorial Court's judgment in favor of Bryan. Because of the forum selection clause in the bill of lading agreed to by Bryan, via her agent, and Crowley, Bryan was required to bring her claim in federal court. The Court will amend its previous ruling accordingly. An appropriate order is attached.

### ORDER

It is hereby

**ORDERED** that Court's Memorandum Opinion of June 30, 1999, 41 V.I. 194, 55 F.Supp.2d 356 (D.V.I.1999), is **AMENDED** as indicated in the attached Memorandum Opinion of even date. The Court's Order of June 30, 1999, remains the same.

---

1. As noted in the Court's previous decision, Bryan argues that since Crowley has not been able to produce a signed copy of the original bill of lading, the terms and conditions of the contract are inapplicable to her dispute with Crowley. The first paragraph of the contract defeats her argument: "The

absence of signatures of either Carrier or Shipper or both shall not affect the applicability or enforceability of this Bill of Lading." (Appellant's Br. Ex 2, ¶ 1.)
*Crowley,* 41 V.I. at 198 n. 5, 55 F.Supp.2d at 360 n. 5.