**CROWLEY AMERICAN TRANSPORT, INC., Appellant,**

v.

**Ferne MCALPIN, Appellee.**

**No. Civ.A.1998–073.**

District Court, Virgin Islands, Appellate Division,

D. St. Croix.

Considered: April 12, 2002.

Filed: June 7, 2002.

Gregory H. Hodges, St. Thomas, U.S.V.I., for appellant.

Ferne McAlpin, pro se, St. Croix, U.S.V.I., for appellee.

BEFORE: MOORE, Judge, District Court of the Virgin Islands; BROTMAN, Senior Judge, U.S. District Court for the District of New Jersey; and MEYERS, Territorial Court Judge, Division of St. Thomas, Sitting by Designation.

### MEMORANDUM OPINION

PER CURIAM.

Crowley American Transport, Inc. ["Crowley" or "appellant"] appeals the judgment of the Small Claims Division of the Territorial Court awarding Ferne McAlpin ["McAlpin" or "appellee"] $2,883.32 in damages plus court costs. For the reasons stated, the Court will affirm the judgment of the Territorial Court.

In December 1996, McAlpin arranged with Crowley for the shipment of her car from Florida to St. Croix, Virgin Islands. When McAlpin picked up her vehicle in St. Croix, she discovered that the body had been damaged in several places. She later found that the undercarriage had been damaged, requiring the replacement of her front and rear struts. She filed a claim against Crowley in the Small Claims Division of the Territorial Court on October 27, 1997, alleging that all the damage occurred during transport and demanding judgment in the amount of $4800.

At the first hearing, held January 20, 1998, Crowley's representative conceded liability for the damage to the body of McAlpin's vehicle but otherwise disputed the claimed damage to the undercarriage of the vehicle. The Territorial Court recessed the hearing for one week, to reconvene on January 27, 1998, so that McAlpin could bring a witness to testify about the cause of the damage to the undercarriage of the car. At that hearing, and after the witness testified regarding the damage to the undercarriage, Crowley's representative, a different individual from the one who appeared at the previous hearing, asserted that McAlpin's claim was subject to the Carriage of Goods at Sea Act, 46 U.S.C.App. §§ 1300–1315 ["COGSA"]. The representative further asserted that under COGSA, Crowley's exposure to liability is "eliminated." The judge ruled that Crowley had waived its defenses under COGSA at the earlier hearing when its

representative conceded liability for the damage to the body of the car, but disputed responsibility for the damage to the undercarriage of the car. The Territorial Court entered judgment in favor of McAlpin in the amount of $2,833.32 plus court costs, which included amounts for the repair of the undercarriage.

■ On appeal, Crowley primarily contends that the Territorial Court erred in ruling at that Crowley waived its defenses under COGSA at the first hearing. According to Crowley, COGSA is the governing substantive federal law and cannot be waived. Crowley further argues that because COGSA governed the shipment of McAlpin's car,[1] her claim falls within the exclusive admiralty jurisdiction of the federal courts. As a result, Crowley contends, the Territorial Court lacked jurisdiction to hear this case. Crowley further points to paragraph 34 of the terms and conditions of the contract governing the shipment, which provides that the bill of lading "shall be construed according to the laws of the United States, and the Shipper, consignee and holder hereof agree that any suits against the Carrier shall be brought in the Federal Courts of the United States," (*see* App. at 2, ¶ 34), and paragraph 16, which limits Crowley's liability to the published tariff rate under COGSA, or $500.00, unless the shipper declares the value of the goods before shipment (*see id.* ¶ 16 (consistent with COGSA, 46 U.S.C.App. § 1304(5)).

This case was originally consolidated with another appeal filed in the St. Thomas–St. John Division, *Crowley American Transport, Inc. v. Bryan,* Civ.App. No.1997–227 (D.V.I.App.Div. St. Thomas–St. John, filed Dec. 3, 1997), which also involved a claim of damage to a vehicle during shipment from Florida to St. Croix and subject to the terms and conditions of an identical bill of lading. The cases were subsequently unconsolidated, and the Court issued an opinion in the *Bryan* appeal on June 30, 1999 and later amended that opinion on January 21, 2001. In that case, the Court ultimately vacated the Territorial Court's judgment on the ground that the forum selection clause set forth in paragraph 34 of the bill of lading was valid and enforceable, requiring the plaintiff to bring her case in federal court.[2]

The Court's ruling in *Bryan* makes clear that the mere fact that a bill of lading is subject to the provisions of COGSA does not mean that a dispute governed by that bill of lading falls within the exclusive admiralty or maritime jurisdiction. *See Crowley Am. Transp. Inc. v. Bryan,* 143 F.Supp.2d 530, 532 (D.V.I.2001) ("[T]he Territorial Court has concurrent jurisdiction to consider in personam proceedings arising in admiralty."). Thus, the Territorial Court had jurisdiction to hear Crowley's case.

■ With respect to Crowley's assertion at the second hearing that COGSA "elimi-

---

1. Although it is not part of the record below, McAlpin completed and signed a bill of lading form, on the back of which is printed the terms and conditions governing the shipping contract. (*See* Appellant's App. ["App."] at 2, ¶ 1.) Paragraph 4 provides that the bill of lading is subject to provisions of COGSA, which are incorporated into the terms and conditions of the bill of lading. (*See id.* ¶ 4.)

2. The Court had initially held that the Territorial Court had no subject matter jurisdiction over Bryan's claim on the mistaken ground

that the claim fell within the exclusive admiralty jurisdiction of the federal courts. *See Crowley Am. Transp. Inc. v. Bryan,* 55 F.Supp.2d 356, 360 (D.V.I.1999). The Court later amended its Memorandum Opinion to acknowledge that the Territorial Court had subject matter jurisdiction pursuant to the "savings to suitors" clause of 28 U.S.C. § 1331(1), but ruled that, pursuant to the forum selection clause contained in paragraph 34, Bryan was required to bring her suit in federal court.

nates" the carrier's liability, the judge quite properly ruled that Crowley was estopped to assert the statutory limitation to liability in 46 U.S.C.App. § 1304(5). By clearly admitting liability for any damages actually caused by Crowley's negligence at the first hearing, Crowley waived its defense under the statute. *See United Fruit Co. v. J.A. Folger & Co.*, 270 F.2d 666, 669 (5th Cir.1959) ("[W]e do not question the principle that, in a proper case, a respondent may, by his representations, promises, or conduct, be estopped to assert the statute."); *Dewerd v. Bushfield*, 993 F.Supp. 365, 369 (D.V.I.1998) ("Waiver ... may be shown by express declarations, or by acts and declarations manifesting an intent and purpose not to claim the supposed advantage, or it may be shown by a course of acts and conduct...." (internal citation and quotations omitted)).

■ Even if Crowley could not have waived COGSA's liability limitation through its conduct at the first hearing, as Crowley argues, the mere assertion that COGSA limits liability to $500 per package does not automatically resolve the issue. Crowley can avail itself of COGSA's $500 liability limitation only if McAlpin had a "fair opportunity" to escape the limitation by paying a higher charge. *New York, New Haven & Hartford R. Co. v. Nothnagle*, 346 U.S. 128, 135, 73 S.Ct. 986, 97 L.Ed. 1500 (1953); *Selaras v. M/V Cartagena De Indias*, 959 F.Supp. 270, 272 (E.D.Pa.1997); *see also Royal Ins. Co. v.*

*Sea–Land Serv.*, 50 F.3d 723, 726 (9th Cir.1995). The bill of lading, if it clearly states the COGSA liability limitation, could constitute prima facie evidence of McAlpin's fair opportunity to avoid the limitation. *Royal Ins. Co.*, 50 F.3d at 728. But Crowley did not offer the bill of lading as evidence in the court below.[3] Without it, the court below had no way of determining whether McAlpin had a "fair opportunity" to avoid the liability limitation by declaring on the bill of lading the nature and value of the vehicle and paying the applicable tariff. *See* 46 U.S.C.App. § 1304(5). Thus, even if Crowley had not waived its COGSA defense at the first hearing, Crowley failed to show at the most basic level that McAlpin had ample opportunity to avoid the liability limitation. *See id.* at 728–29. In short, the judge below could not have held McAlpin to a limitations clause for which there was zero evidence of notice and opportunity for McAlpin to avoid it.

■ This leaves Crowley's contention that the forum selection clause contained in the bill of lading governed, and that this case was improperly brought in the Territorial Court. In this regard, this case might seem to be the *Bryan's* twin, requiring reversal of the Territorial Court on the ground that the forum selection clause governed and the case should have been brought in the District Court. As noted above, the appellant includes in the appendix a bill of lading, allegedly completed and signed by McAlpin,[4] which contained

---

**3.** In fact, the bill of lading is nowhere in the case file, and nothing in the hearing transcripts suggests that the judge knew of its existence as a potentially governing contract. Instead, the transcript of the first hearing reveals that Crowley conceded liability for some damage to McAlpin's car, but was disputing the amount. The judge set the case for the next week in order to gather evidence regarding the alleged damage to the car's undercarriage. When Crowley's new representative appeared at the second hearing, he

raised COGSA as a defense, asserting that COGSA "eliminates the exposure of liability." (*See* Tr. Jan. 27, 1998.) He never mentioned the bill of lading, and we must assume it was never brought to the judge's attention.

**4.** Rule 24 of the Virgin Islands Rules of Appellate Procedure specifies that the appendix "shall include ... relevant portions of the trial transcript, exhibits, or other parts of the record referred to in the briefs." VIRAP 24(a). No rule would allow a party to include

 

the same forum selection clause as the operative clause in *Bryan.* The significant difference between this case and *Bryan* is that here, the bill of lading was never offered as an exhibit to the Territorial Court judge.[5]

As this Court has stated, "it is the role of the judge in a small claims action to achieve substantial justice, even if it means that a liberal reading would afford relief to a *pro se* small claims litigant which would not be available to a *pro se* or other litigant in the Civil Division of the Territorial Court." *See Ryans Restaurant v. Lewis,* 949 F.Supp. 380, 383 (D.V.I.1996). Even under these more liberal standards, the judge below could not possibly have erred in refusing to honor a forum selection clause or a limitations clause in a contract that was never brought to her attention. Moreover, this Court will not ordinarily reach the merits of an appellant's argument if it has failed to raise it in the court below. *See Prosser v. Prosser,* 40 F.Supp.2d 663, 667 (D.V.I.1998), *rev'd on other grounds,* 186 F.3d 403 (3d Cir.1999); *Nibbs v. Roberts,* 1995 WL 78295 (D.V.I. 1995).

In sum, this Court will affirm the judgment of the Small Claims Division of the Territorial Court as having rendered substantial justice between the parties on the record before it.

### ORDER OF THE COURT

**AND NOW,** this 7th day of June, 2002, having considered the parties' submissions and arguments, and for the reasons set forth in the Court's accompanying Opinion of even date, it is hereby

**ORDERED** that the judgment of the Territorial Court is **AFFIRMED.**

---

documents in the appendix that were never part of the record below.

5. Because the appellant here *relies* on the bill of lading as one of several grounds for reversal (one being the same ground that was ultimately dispositive in *Bryan* ), it seems particularly devious to us to include it in the appendix when it was clearly never part of the record below. Add to this that the opposing party is *pro se,* and the appearance of bad faith cannot be easily avoided. Such tactics by counsel will not be tolerated by this Court.